UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>ELISEO VAQUERANO CANAS )<br>& )<br>JONATHAN TERCERO YANES )<br>   Defendants. )<br>) | Cr. No. 1:18-CR-10450-MLW |

**DEFENDANTS' MOTION TO JOIN SECTION I OF HENRI SALVADOR GUTIERREZ'S MOTION TO SUPPRESS COERCED STATEMENTS**

Eliseo Vaquerano Canas and Jonathan Tercero Yanes, defendants in the above-captioned matter, respectfully moves this Honorable Court to allow them to join section I of Henri Salvador Gutierrez's motion to suppress coerced statements. Joining, without rehashing those arguments, the defendants submit this brief memorandum of law to establish their standing to challenge the admissibility of Salvador-Gutierrez's statements to the extent that they were obtained through coercion.

The defendants do not dispute that they lack standing to vicariously assert Salvador-Gutierrez's 5th Amendment rights on his behalf, *see e.g. Alderman v. United States*, 394 U.S. 165, 174 (1969), and he does not seek to do so here. Instead, they seek to protect their own Due Process rights under the 5th Amendment, which prohibit a coerced confession of another from being introduced against them.

"Due process of law requires that a coerced confession be excluded from consideration by the jury." *Jackson v. Denno*, 378 U.S. 368, 382 (1964). The *Jackson*

1

court required that a hearing must be held to determine whether a confession was obtained through coercion, and if it was, it must be excluded. *Id*. The *Jackson* rule has been extended to preclude admissibility of confessions and statements made by individuals other than the defendant, when those statements were obtained through coercion. *See e.g. LaFrance v. Bohlinger*, 499 F.2d 29, 34 (1st Cir. 1974), cert. denied, 419 U.S. 1080 ("Since a statement coerced from an accused is neither less trustworthy than one from a witness nor more offensive to society's sense of fairness, it would seem illogical invariably to require a *Jackson* hearing in the first case but never in the second."); *United States v. Tavares*, 705 F.3d 4, 23 (1st Cir. 2013) (acknowledging rule in *LaFrance*). *See also Malinski v. New York*, 324 U.S. 401, 430-31 (1945) ("Due process does not permit one to be convicted upon his own coerced confession. It should not allow him to be convicted upon a confession wrung from another by coercion.") (Rutledge, J., dissenting); *Gonzalez v. United States*, No-CRIM. 08-10223-PBS, 2012 WL 5471799, at *4 (D. Mass. Nov. 8, 2012) ("Courts have recognized that a defendant's right to a fair trial could be violated if unreliable evidence, such as a confession, is obtained through coercion of a third party.").

Other circuits have similarly held that "[c]onfessions wrung out of their makers may be less reliable than voluntary confessions, so that using one person's coerced confession at another's trial violates his rights under the due process clause." *Buckley v. Fitzsimmons*, 20 F.3d 789, 795 (7th Cir. 1994) (*citing Arizona v. Fulminante*, 499 U.S. 279 (1991)). *See also United States v. Merkt*, 764 F.2d 266, 273-75 (5th Cir. 1985) ("A defendant may assert her own fifth amendment right to a fair trial as a valid objection to the introduction of statements extracted from a non-

2

defendant by coercion or other inquisitional tactics."); *Bradford v. Johnson*, 476 F.2d 66 (6th Cir. 1973) (same); *United States v. Chiavola*, 744 F.2d 1271, 1273 (7th Cir. 1984) ("[A] violation of another person's Fifth Amendment rights may rise to the level of a violation of [a defendant's] rights to a fair trial. Due process is implicated when the government seeks a conviction through evidence obtained by extreme coercion or torture"); *Douglas v. Woodford*, 316 F.3d 1079, 1092 (9th Cir. 2003) ("illegally obtained confessions may be less reliable than voluntary ones, and thus using a coerced confession at another's trial can violate due process."); *United States v. Hodges*, 208 F.3d 227 (10th Cir. 2000) ("We have previously held that a defendant's due process rights are violated where a witness is coerced into making false statements and those statements are admitted at the defendant's trial."); *Wilcox v. Ford*, 813 F.2d 1140, 114849 (11th Cir. 1987) ("the courts have held that the admission at trial of improperly obtained statements which results in a fundamentally unfair trial violates a defendant's Fifth Amendment right to a fair trial."). This rule is based "on the premise that involuntary or coerced statements are presumed unreliable. It is because of this unreliability that a defendant may object to its use at trial." *Hodges*, 208 F.3d 227.

Here, as discussed at length in his motion to suppress, Salvador-Gutierrez's statements to CW-13 were involuntarily obtained through coercion.[1] *See Salvador-Gutierrez Memorandum of Law in Support of Defendant's Motion to Suppress Coerced Statements*, at 1-28. As a result, his statements are "presumed unreliable."

---

[1] Mr. Canas incorporates those arguments and related factual support, including the Declaration of Counsel, herein by reference.

*Hodges*, 208 F.3d 227. Indeed, the coerced statement at issue in *LaFrance*, 499 F.2d at 34, was only sought to be used for impeachment, whereas here, the coerced confession is the most damning evidence in the government's case. The Due Process concerns are significantly more heightened where the unreliable coerced confession makes up such a significant part of the evidence against Canas and Yanes.

Not only are Salvador-Gutierrez's statements unreliable since they were "wrung out of" Salvador's mouth through coercion, *Buckley*, 20 F.3d at 795, but they are also ripe with indicia of unreliability as discussed in the defendants' joint motion *in limine* to exclude those statements, which is incorporated herein by reference. *See Canas & Yanes Joint Motion in Limine to Exclude Statements Made By Salvador-Gutierrez to CW-13*. Additionally, while the defendants do not have standing to contest a *Miranda* violation on Salvador-Gutierrez's behalf, the fact that such warnings were not given is nonetheless relevant to whether or not his statements were given as a result of coercion. If the Court finds that the statements were obtained through coercion, their introduction at the defendants' trial would violate their Fifth Amendment Due Process rights.

## CONCLUSION

Since introduction of statements obtained from Salvador-Gutierrez through coercion would violate Canas's and Yanes's Fifth Amendment Due Process rights, by allowing introduction of unreliable evidence, they have standing to join Salvador-Gutierrez's motion to suppress.

| Respectfully Submitted, | Respectfully Submitted, |
|---|---|
| **ELISEO VAQUERANO CANAS** | **JONATHAN TERCERO YANES** |
| By his attorney: | By his attorney: |

| | |
|---|---|
| /s/ Jessica Hedges | /s/ Leonard E. Milligan III |
| Jessica D. Hedges | Leonard E. Milligan III |
| BBO No. 645847 | BBO No. 668836 |
| Hedges & Tumposky, LLP | Milligan, Rona, Duran, and King, LLC |
| 50 Congress St., Suite 600 | 50 Congress St., Suite 600 |
| Boston, MA 02109 | Boston, MA 02109 |
| T (617) 722-8220 | T (617) 395-9570 |
| hedges@htlawyers.com | lem@mrdklaw.com |

**CERTIFICATE OF SERVICE**

I, Jessica D. Hedges, hereby certify that on this 8th day of December, 2020 I served one true and correct copy of this motion, through the electronic filing system, on all counsel of record in this matter.

/s/ Jessica Hedges
Jessica D. Hedges